### HOLMES v. ROBERT OAKMAN LAND CO.

1. VENDOR AND PURCHASER—FRAUD—RESCISSION—WAIVER.
    In suit by vendees to rescind land contract on ground of fraud, evidence *held*, to sustain finding of trial court that right to rescission was not waived by laches and payments.

2. SAME—PLEADING—AMENDMENT—ABUSE OF DISCRETION.
    In suit by vendees to rescind land contract on ground of vendor's fraud, refusal to permit defendant trust company to amend its answer and reopen case to show that it was trustee instead of owner of vendor's equity, *held*, abuse of discretion.

Appeal from Wayne; Smith (Guy E.), J., presiding. Submitted June 22, 1932. (Docket No. 101, Calendar No. 36,597.) Decided October 3, 1932.

Bill by Alfred W. Holmes and another against Robert Oakman Land Company and Union Guardian Trust Company to rescind a land contract on the ground of fraud. Decree for plaintiffs. Defendants appeal. Affirmed as to defendant Robert

On waiver of purchaser's right to rescind, see annotation in 30 L. R. A. (N. S.) 872.

Oakman Land Company. Reversed and remanded as to Union Guardian Trust Company.

*Goodenough, Voorhies, Long & Ryan,* for plaintiffs.

*Austin & Newman,* for defendant Robert Oakman Land Company.

*Bulkley, Ledyard, Dickinson & Wright (Harold R. Smith, Robert E. McKean,* and *Ellis B. Merry,* of counsel), for defendant Union Guardian Trust Company.

McDONALD, J. This is a suit for rescission of a land contract on the ground of fraud and misrepresentation.

On April 30, 1927, the plaintiffs purchased on contract from defendant Robert Oakman Land Company certain real estate in the city of Dearborn, Wayne county, Michigan. The purchase price was $40,000, of which $5,000 was paid down, and the balance was to be paid in monthly instalments. Payments were made from time to time until January, 1931, when the plaintiffs decided to rescind on the ground that they had been deceived by misrepresentations of the defendant as to the construction and quality of workmanship of the house on the property which they had purchased for a home. On July 9, 1931, they filed this bill for rescission. The Robert Oakman Land Company answered denying the fraud charged and alleging that the plaintiffs had waived their right to rescind by long delay in asserting the same, and by making payments on the contract after the alleged fraud was discovered.

The Union Guardian Trust Company was made a party defendant on the theory that it had some interest in the property by way of security for loans

or as trustee under a trust indenture. The answer of the company alleges that in April, 1927, it purchased the equity of the Robert Oakman Land Company's interest in the contract, and that, though it received payments on the contract from the plaintiffs, it had no notice of their claims of fraudulent misrepresentation.

On the hearing, the court found that the plaintiffs were entitled to a rescission, and gave them a decree for $15,022.71, which was the amount they paid less $5,651 charged to them as rental value of the house during the time they occupied it. Of the amount found to be due, the decree provided that defendant Union Guardian Trust Company should pay $8,876.87, and that the plaintiffs should have a lien on the property for the full amount of the $15,022.71. From this decree both defendants have appealed.

The first question to be considered is whether the plaintiffs are entitled to a rescission of the contract.

They bought this property for a home. They were inexperienced in building construction. It was represented to them that the house was constructed of first-class materials, with excellent workmanship, and good for a life-long home. The plaintiffs relied on these representations. The undisputed testimony shows that they were not true. The building was not properly constructed. The walls cracked, the floors sagged, the basement and windows leaked, and there were other substantial defects. The testimony is conclusive that the plaintiffs were entitled to a rescission unless their right thereto was waived by laches and payments after the defects were discovered.

They went into possession of the property in August, 1927. They ceased payments January 3, 1931. They began this suit for rescission July 9, 1931. The

record shows a reasonable excuse for delay in asserting their right to rescind. The defects in the construction of the house did not appear all at once. Some of them, particularly the cracks and the sagging, came on gradually, small cracks becoming larger and new ones appearing. Repairs were promised and were made from time to time by both parties with unsatisfactory results. In March, 1931, the plaintiffs had the house inspected by the department of engineering and building of the city of Dearborn, after which they consulted their attorneys, who wrote the Robert Oakman Land Company a letter on April 30, 1931, which correctly states the situation as shown by the facts appearing in the record. We quote the applicable part as follows:

"We understand that repairs have been made to this house from time to time, some of which were made by you and others by our clients, in an effort to remedy the numerous defects in the construction of the house. We are also advised that these repairs have given only temporary relief and that a short time ago our clients had several reputable builders make a thorough examination of the house, with the result that they discovered numerous latent defects in construction, such as the fact that the roof is entirely too heavy for the house, the weight of the house is not properly distributed so as to have the supporting girders stand the same, the concealed plumbing is installed in such a manner that it is impossible to prevent freezing, and other defects which in the opinion of the builders who have examined the house make it necessary that the house be practically reconstructed. The cracking and breaking away of the joists has been so gradual and new defects have appeared so constantly that our clients were not aware of the seriousness of the same until the examination above referred to was made.

"We have before us your letter of April 18th, indicating your willingness to make certain repairs to the house. We are advised that the repairs you offered to make would not be sufficient to place the house in proper shape and that the defects are much more serious than your letter indicates."

This letter also asked for an adjustment of the matter and rescission of the contract. No adjustment was made, and this suit followed. The testimony is convincing that after the plaintiffs became satisfied that no repairs could give them such a structure as they contracted for, they ceased their payments and with reasonable promptness asserted their right to a rescission. The record amply sustains the finding of the trial court that rescission was not waived by laches and payments.

The second and remaining question relates to the liability of the Union Guardian Trust Company.

The bill of complaint alleges:

"That plaintiffs have been informed and believe that Union Guardian Trust Company claims some interest in said property by way of security for loans made by it to Robert Oakman Land Company, or as trustee under a trust indenture executed by Robert Oakman Land Company, although plaintiffs are informed and believe that the equitable title to said property is still in Robert Oakman Land Company."

The answer of the Union Guardian Trust Company says that it has a very substantial interest in the land contract. It alleges:

"Said defendant, Union Guardian Trust Company, alleges that it is now, and for upwards of four years has been, the legal owner of the seller's equity in said land contract, as a *bona fide* purchaser for

value and without notice of the alleged claims of plaintiffs, as set forth in the bill of complaint.''

On the hearing, no testimony was offered as to the interest of the trust company. It was assumed that its interest was as stated in its answer. But after the court had rendered his decision, and before decree, the company filed a motion to amend the answer in respect to its interest in the contract and to reopen the case for the purpose of offering in evidence a trust mortgage and warranty deed covering the land in suit and other property. The court accepted in evidence the deed and trust mortgage, but refused an amendment to the answer. Subsequently the trust company filed a petition for rehearing supported by affidavit showing that, in its dealings in respect to the contract in question, it acted as trustee under the trust mortgage or declaration in trust which the court had received in evidence on the previous motion to reopen the case, and that, pursuant to the trust, it had disbursed all of the payments received from the plaintiffs on the contract. From a denial of this petition the defendant trust company appealed, and that appeal has been consolidated with the appeal from the decree.

When the trial judge made his decree there was in evidence the so-called trust mortgage and warranty deed, both of which were executed and recorded in 1924, three years before the plaintiffs bought the property in question. But it is apparent he did not consider them in making his decree. It was based on the theory as alleged in the defendant trust company's answer that its interest was that of a good-faith purchaser for value of the vendor's equity in the contract. The decree provided that Robert Oakman Land Company and the Union Guardian Trust Company pay the plaintiffs

$8,876.87; that Robert Oakman Land Company pay them $6,145.84, and that plaintiffs have a lien on the premises for the full amount of $15,022.71.

This decree cannot be sustained against the Union Guardian Trust Company if its only interest was that of trustee and it disbursed all of plaintiffs' payments before suit pursuant to its trust. The prior recorded warranty deed and so-called trust mortgage were in evidence. They showed the Union Guardian Trust Company was trustee and had a lien for the benefit of holders of bonds and coupons prior to that granted to the plaintiffs in the decree. The only evidence necessary to make the trust company's defense complete on its trustee theory was as to its claim of disbursements prior to suit. The trial court refused to reopen the case for the purpose of taking this testimony. The question is whether in so ruling and refusing permission to amend the answer he abused his discretion.

The Union Guardian Trust Company had ample opportunity at the trial to present all evidence bearing on its interest in the land contract. It has not been diligent, and if decision of the question could justly be placed on that ground alone, we would agree with the ruling of the trial judge. But notwithstanding its lack of diligence, we think justice requires a reopening of the case for the admission of the proposed testimony. There seems to be no doubt as to the existence of a valid trust agreement or mortgage affecting the premises in question. The court permitted the instrument to be received in evidence, and it would have taken very little more of his time to have allowed testimony as to the disbursements pursuant to its terms. The decree adversely affects the holders of bonds and coupons for whom the Guardian Trust Company is trustee. If

allowed to stand without a further opportunity to present the real facts, it may result in grave injustice to them.

In view of the circumstances, we think it was an abuse of judicial discretion to deny the petition to amend the answer of the trust company and to permit it to introduce the proposed testimony.

The decree is reversed as to the Union Guardian Trust Company, and the cause remanded for further proceedings and hearing in accordance with this opinion.

The decree is affirmed as to the Robert Oakman Land Company, with costs.

CLARK, C. J., and POTTER, SHARPE, NORTH, FEAD, and WIEST, JJ., concurred. BUTZEL, J., did not sit.